UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,
    Plaintiff,

vs.                                                Case No.:  3:21cv706/LAC/EMT

KRISTY JACOBSEN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On August 27, 2021, Plaintiff filed an amended complaint and a motion for leave to proceed in forma pauperis (IFP) (ECF Nos. 12, 13).  The undersigned entered an order on September 7, 2021, noting that both documents are deficient (ECF No. 14).  Specifically, the undersigned noted the amended complaint does not comply with Local Rule 5.1(C), which requires documents to be submitted in at least 14-point font and all handwritten documents to be legible.  *See* N.D. Fla. Loc. R. 5.1(C).  As the undersigned indicated, the court recognizes that pro se litigants, especially prisoners, may not have access to word processing equipment and thus permits the filing of handwritten documents (*id*.).  Moreover, the undersigned expends considerable time and effort deciphering handwritten documents, but handwriting should not require magnification to be deciphered, which is what Plaintiff's amended complaint requires (*id*.).  Indeed, the handwriting in Plaintiff's

amended complaint is so minute and compact that it renders the document illegible, at least in most places (*id*.).  The court thus required Plaintiff to file a second amended complaint that is legible (*id*.).

With respect to Plaintiff's IFP motion, the undersigned noted that the court previously advised Plaintiff—**"not only in this case but also in the twenty-seven other cases he filed in this court over the past few months"**—that if he wishes to proceed IFP, he must provide the requisite supporting documentation for the IFP motion—specifically, a Prisoner Consent Form and Financial Certificate signed by an authorized prison official and an attached inmate account statement reflecting the activity in his inmate account for the preceding six-month period (ECF No. 14 at 2) (citing 28 U.S.C. § 1915(a)(2)).  Despite having knowledge of the court's requirement that the above-referenced documents be filed in each case in which he seeks to proceed IFP, Plaintiff failed to provide the documentation with the IFP motion.  The court thus again denied Plaintiff's IFP motion without prejudice to Plaintiff refiling an IFP motion with the required supporting documentation (ECF No. 14).  The court warned Plaintiff that it was "**his final opportunity to satisfy the filing fee requirement**" and that "**[i]f Plaintiff does not either pay the filing fee or file a complete IFP motion, with all of the required documentation, by the**

Case No.:  3:21cv706/LAC/EMT

**deadline set forth in th[e] order, the court will dismiss this case without further notice**" (*id*. at 2).

The undersigned directed the clerk of court to forward Plaintiff the correct set of forms for filing a motion to proceed IFP and a prisoner civil rights complaint form and allowed Plaintiff thirty days in which to either file a completed motion to proceed IFP or pay the $402.00 filing fee and file a second amended complaint, on the court-approved form, that complies with the court's directives. The undersigned advised that failure to comply with the order would result in a recommendation, "**without further notice**," that the case be dismissed (*id.* at 5).

More than thirty days have passed, and Plaintiff has not complied. Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be dismissed without prejudice for failure to comply with orders of the court.

2. That the clerk of court be directed to close this case.

At Pensacola, Florida, this 20th day of October 2021.

>  */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:21cv706/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.:  3:21cv706/LAC/EMT